UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16-cv-103-FDW

| ROBBIE SHERRON, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | **ORDER** |
| MIKE SLAGLE, et al., | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1). He is proceeding *in forma pauperis*. (Doc. No. 7).

I.     **BACKGROUND**

*Pro se* Plaintiff Robbie Sherron is a North Carolina prisoner who is complaining about events that occurred at the Mountain View Correctional Institution in Spruce Pine, North Carolina.[1] He names as Defendants the following Mountain View C.I. employees: Administrator Mike Slagle, Assistant Superintendent of Program Services Dexter Gibbs, Medical Doctor Assistant Keith Damico, and "State Actors et. al unknown at this time." (Doc. No. 1 at 3).

Construing the allegations liberally and accepting them as true, Medical Assistant Domico interfered with Plaintiff's ability to receive adequate medical treatment for his prior back injury and "Hep-c-liver damage" (Doc. No. 1 at 4). Domico refused to provide medical treatment for these serious needs, ignored Plaintiff's prior prison medical history, and refused to provide treatment for his previously diagnosed conditions. (Doc. No. 1 at 3). Plaintiff is being ignored by

---

[1] Plaintiff is presently housed at the Warren Correctional Institution in Norlina, North Carolina.

1

"correctional administrators" and Assistant Superintendent Gibbs. (Doc. No. 1 at 1). Plaintiff is suffering from "serious deprivation and physical pain" and Defendants are breaching their duty of care by failing to provide timely treatment. (Doc. No. 1 at 4). He has been denied and delayed eyeglasses, special shoes, back brace, "disabled devices." (Doc. No. 1 at 4). His medical condition is worse now than it would have been had he received adequate care. Further, he is being charged medical co-pays for occasions when he was not provided adequate treatment.

Plaintiff seeks injunctive relief, damages for his pain, elimination of the co-pays charged to him when no treatment was provided, investigation of Mountain View C.I., and all other relief the Court deems fit and proper. (Doc. No. 1 at 4).

**II. STANDARD OF REVIEW**

A "court shall dismiss [a prisoner's] case at any time if the court determines that ... the action or appeal ... fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a pro se complaint raising civil rights

2

issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

**(1)** **John Doe Defendants**

John Doe suits are permissible only against "real, but unidentified, defendants." Schiff v. Kennedy, 691 F.2d 196, 197 (4th Cir. 1982). The designation of a John Doe defendant "is generally not favored in federal courts; it is appropriate only when the identity of the alleged defendant is not known at the time the complaint is filed and the plaintiff is likely to be able to identify the defendant after further discovery." Njoku v. Unknown Special Unit Staff, 217 F.3d 840, 840 (4th Cir. 2000). "[I]f it does not appear that the true identity of an unnamed party can be discovered through discovery or through intervention by the court, the court could dismiss the action without prejudice." Schiff, 691 F.2d at 197-98.

Plaintiff names as Defendants "State Actors et. al unknown at this time." He has failed to state any factual allegations whatsoever against these John Doe Defendants, and thus, the claims

3

against them would be insufficient to proceed even if Plaintiff had provided their names. See Fed. R. Civ. P. 8(a)(2) (short and plain statement is required); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim).

Therefore, the claims against the **John Doe Defendants** are dismissed without prejudice.

**(2)** **Supervisors**

A state official can be in a § 1983 suit in three ways: in his personal capacity, his official capacity, or in a more limited way, his supervisory capacity. King v. Rubenstein, 825 F.3d 206, 223–24 (4th Cir. 2016). For personal liability, "it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." Kentucky v. Graham, 473 U.S. 159, 166 (1985). In an official-capacity suit, however, "[m]ore is required:" the suit is "treated as a suit against the entity," which must then be a "'moving force' behind the deprivation," id. (quoting Polk County v. Dodson, 454 U.S. 312, 326 (1981)); thus, the entity's "'policy or custom' must have played a part in the violation of federal law," id. (quoting Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978)). Meanwhile, a supervisor can be liable where (1) he knew that his subordinate "was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury;" (2) his response showed "deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) that there was an "affirmative causal link" between his inaction and the constitutional injury." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation marks omitted).

Plaintiff appears to assert that Administrator Mike Slagle and Assistant Superintendent of Program Services Dexter Gibbs are responsible for his welfare and violated his constitutional

4

rights by ignoring him.

First, Plaintiff does not allege that either Slagle or Gibbs was directly involved in the incidents at issue and that, acting under color of state law, they personally deprived him of a federal right. Therefore he has failed to state a basis for personal liability. See, e.g., Armstrong v. City of Greensboro, 190 F.Supp.3d 450, 466 (M.D.N.C. 2016) (plaintiff failed to state an individual capacity claim against former police chief because "[m]ere allegations about the environment or generalized encouragement do not rise to the level of alleging a direct connection between [former police chief] and the constitutional violations.").

Second, Plaintiff has failed to state that the alleged constitutional deprivations occurred as a result of a policy or custom by Slagle and/or Gibbs. Therefore, he has failed to state a basis for liability in these Defendants' official capacities. See, e.g., Slakan v. Porter, 737 F.2d 368, 373 (4th Cir. 1984) ("Ordinarily, [a plaintiff] cannot satisfy his burden of proof by pointing to a single incident or isolated incidents."); Simmons v. Corizon Health, Inc., 136 F.Supp.3d 719, 722 (M.D.N.C. 2015) (plaintiffs failed to state an official capacity claim against sheriff because a "single, isolated incident is not sufficient to establish a policy or custom….").

Third, Plaintiff's vague and conclusory allegations are insufficient to state a claim for supervisory liability. He does not allege that either Slagle or Gibbs knew that Domico was engaging in conduct that posed a pervasive and unreasonable risk of injury, that their response to this risk was deliberately indifferent, or that there was a causal link between the inaction and Plaintiff's injury. Therefore, he has also failed to state a sufficient claim for supervisory liability against these Defendants. See, e.g., Bradshaw v. Harden, 401 Fed. Appx. 805, 806 (4th Cir. 2010) (affirming dismissal of Eighth Amendment claim against correctional center's supervisory officials where prisoner failed to allege any facts that would have put defendants on notice that the

prison policy was being violated and therefore he could not show that the supervisors were deliberately indifferent to, or had tacitly authorized the conduct of, their subordinates); see also Gandy v. Robey, 520 Fed. Appx. 134, 143 (4th Cir. 2013) (affirming summary judgment where no triable issue existed with regards to a sergeant's supervisory liability because plaintiff failed to identify what evidence, if any, she proffered to show that the sergeant's subordinants were engaged in widespread unconstitutional conduct by using lethal force under circumstances where the suspect posed no threat or that he was aware but deliberately indifferent to that conduct).

The claims against Defendants **Slagle** and **Gibbs** are, therefore, dismissed.

**(3)** **Deliberate Indifference to a Serious Medical Need**

As the Supreme Court has explained, "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (citation and internal quotation marks omitted); see Hill v. Crum, 727 F.3d 312, 317 (4th Cir. 2013) ("the Eighth Amendment's prohibition against 'cruel and unusual punishments' [extends] to the treatment of prisoners by prison officials," and "forbids the unnecessary and wanton infliction of pain.") (internal quotation marks omitted).

The deliberate indifference standard has two components. The plaintiff must show that he had serious medical needs, which is an objective inquiry, and that the defendant acted with deliberate indifference to those needs, which is a subjective inquiry. See Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008); see Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("to establish a claim of deliberate indifference to medical need, the need must be both apparent and serious, and the denial of attention must be both deliberate and without legitimate penological objective."). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or

one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko, 535 F.3d at 241 (internal quotation marks omitted). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). A mere delay or interference with treatment can be sufficient to constitute a violation of the Eighth Amendment. Smith v. Smith, 589 F.3d 736, 739 (4th Cir. 2009). However, allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson, 195 F.3d at 695 ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."); see Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), *aff'd*, 535 F.2d 1250 (4th Cir. 1976) ("even if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention.").

Plaintiff alleges that he has been previously diagnosed with back pain and Hepatitis-C which cause him pain. He appears to claims that Defendant Damico ignored these diagnoses and failed to provide him with adequate care including special shoes, a back brace, and "disabled devices," which exacerbated his conditions and caused him pain. Plaintiff has minimally stated a facially sufficient claim of deliberate indifference to a serious medical need.

Therefore the claim of deliberate indifference to a serious medical need will be allowed to proceed against Defendant **Damico**.

**(4)** **Deprivation of Property**

The Fourteenth Amendment's Due Process Clause provides that no person shall be

deprived of "life, liberty, or property, without due process of law." U.S. Const. Amend XIV. Where a state employee's random, unauthorized act deprives an individual of property, either negligently or intentionally, the individual is relegated to his state post-deprivation process, so long as the State provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517 (1984); Parratt v. Taylor, 451 U.S. 527 (1981), *overruled on other grounds by* Daniels v. Williams, 474 U.S. 327 (1986)). However, post-deprivation remedies do not satisfy the due process requirement where the deprivation complained of is effected pursuant to an established state procedure rather than a random, unauthorized action. Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982).

Under North Carolina law, an action for conversion will lie against a public official who wrongfully deprives an owner of his property by an unauthorized act. Gallimore v. Sink, 27 N.C.App. 65, 67, 218 S.E.2d 181, 182 (1975). North Carolina's post-deprivation remedies are adequate. N.C. Gen. Stat. § 143-291; see Wilkins v. Whitaker, 714 F.2d 4, 6 (4th Cir. 1983) (due process satisfied where North Carolina tort law provides an adequate avenue for relief for state prisoner).

Plaintiff appears to allege that he was charged for medical copayments on occasions when he was not provided adequate treatment. He appears to allege that these deprivations resulted from unauthorized action rather than an established state procedure. Adequate post-deprivation remedies exist for Plaintiff's alleged property loss, so there is no legal theory which would support this claim. See, e.g., Smith v. Ledford, 2006 WL 1431666 at *2 (W.D.N.C. May 22, 2006), *aff'd,* 203 Fed. Appx. 484 (4th Cir. 2006) (dismissing plaintiff's claim that jail administrator confiscated his personal property upon his departure from the jail and refused to return it, because plaintiff had an adequate post-deprivation remedy for conversion).

Therefore, Plaintiff's claim for the loss of his medical copayments is dismissed.

### (5) Injunctive Relief

A prisoner's transfer moots a § 1983 request for declaratory and injunctive relief when the conditions of which the prisoner claims are unlikely to recur. See Williams v. Griffin, 952 F.2d 820 (4th Cir. 1991); Taylor v. Rogers, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986).

The incidents at issue in the instant case allegedly occurred at the Mountain View C.I., Plaintiff is presently housed at the Warren C.I., and it does not appear likely that the complained-of conditions are likely to recur.

Therefore, Plaintiff's request for injunctive relief is dismissed as moot.

### IV. CONCLUSION

For the reasons stated herein, the Court finds that the case should proceed against Defendant Damico for deliberate indifference to a serious medical need. The remaining claims are dismissed without prejudice. Plaintiff may file an Amended Complaint within 14 days of the issuance of this Order to attempt to cure the Complaint's deficiencies. He is cautioned that any Amended Complaint will supersede the original Complaint so it must include all the claims and Defendants upon which he wishes to proceed.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's claim of deliberate indifference to a serious medical need against Defendant Damico survives initial review under 28 U.S.C. § 1915(e).

2. The remaining claims are dismissed without prejudice.

3. Plaintiff is granted leave to file an Amended Complaint within 14 days of this Order.

4. **IT IS FURTHER ORDERED THAT** the Clerk is directed to mail a summons form to Plaintiff for Plaintiff to fill out and return for service of process on

Defendant **Damico**. Once the Court receives the summons form, the Clerk shall then direct the U.S. Marshal to effectuate service on Defendant. The Clerk is respectfully instructed to note on the docket when the form has been mailed to Plaintiff.

Signed: November 29, 2017

Frank D. Whitney
Chief United States District Judge