# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:16-cv-103-FDW

| | |
|---|---|
| ROBBIE SHERRON, | )<br>) |
| Plaintiffs, | )<br>) |
| vs. | )     **ORDER** |
| | ) |
| MIKE SLAGLE, et al., | )<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the Court on Plaintiff's Motion seeking an extension of time, discovery, and copies of the Court file, (Doc. No. 20), and Defendant Keith D'Amico's Motion to Dismiss, (Doc. No. 21).

Plaintiff's Motion seeking an extension of time, discovery, and copies of the Court file, will be granted in part and denied in part. Plaintiff alleges that he has been recently transferred to another prison for a court appearance and, when he returned, he discovered that his legal documents and folders with regards to this case are missing. He asks for "all copies of everything" that has been filed in this case including medical records, and a 60-day extension of time to file a "reply." (Doc. No. 20 at 1). Plaintiff's request for a copy of the entire file is denied. However, his request will be granted in part insofar as the Clerk of Court will be instructed to mail Plaintiff a copy of the docket sheet, Amended Complaint, Order on Initial Review, Pretrial Order, Answer, and Case Management Plan as a courtesy. (Doc. Nos. 12, 14, 15, 16). To the extent Plaintiff seeks copies of his medical records, this request is denied as routine discovery requests should not be filed with the Court. See Local Rule 26.2 ("The parties shall not file any initial disclosures, designations of expert witnesses and their reports, discovery requests or responses therto,

1

deposition transcripts, or other discovery material unless: (1) directed to do so by the Court; (2) such materials are necessary for use in an in-court proceeding; or (3) such materials are filed in support of, or in opposition to, a motion or petition."). Plaintiff's request for a 60-day extension of time to "reply" is denied because Plaintiff fails to explain which deadline he seeks to extend. This denial is without prejudice for Plaintiff to file a more specific motion.

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises Plaintiff, who is proceeding *pro se*, that he has a right to respond to Defendant's Motion to Dismiss.[1] The Court also advises Plaintiff that failure to respond may result in Defendant being granted the relief Defendant seeks.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion seeking an extension of time, a copy of the entire Court file, and discovery, (Doc. No. 20), is **GRANTED** in part and **DENIED** in part.

2. Plaintiff shall respond to the pending Motion to Dismiss, (Doc. No. 21), within **14 days** of entry of this Order. Failure to file a timely response will likely lead to the dismissal of this action.

3. The Clerk of Court is directed to send a copy of this Order to the *pro se* Plaintiff by certified U.S. mail. The Clerk of Court is also instructed to mail Plaintiff a courtesy copy of the docket sheet, Amended Complaint, Order on Initial Review, Pretrial

---

[1] The Fourth Circuit did not hold in Roseboro that such notice is required for motions to dismiss. Rather, the Fourth Circuit's discussion in Roseboro regarding notice was directed to summary judgment motions. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) ("We agree with the plaintiff, however, that there is another side to the coin which requires that the plaintiff be advised of his right to file counter-affidavits or other responsive material and alerted to the fact that his failure to so respond might result in the entry of summary judgment against him."); see also Norman v. Taylor, 25 F.3d 1259, 1261 (4th Cir. 1994) ("In Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), this circuit held that pro se plaintiffs must be advised that their failure to file responsive material when a defendant moves for summary judgment may well result in entry of summary judgment against them."). Nevertheless, courts routinely issue Roseboro notices for motions to dismiss, and the Court does so here.

Order, Answer, and Case Management Plan. (Doc. Nos. 12, 14, 15, 16).

Signed: May 1, 2018

Frank D. Whitney
Chief United States District Judge